## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERKLEY SPECIALTY INSURANCE COMPANY, f/k/a BERKLEY REGIONAL SPECIALTY INSURANCE COMPANY<br><br>            Plaintiff<br><br>v.<br><br>MASTERFORCE CONSTRUCTION CORP.; JOHN P. BRANDT, O.D.; KAREN BRANDT; WE DO METAL ROOFS; ROBERT DEHARDER; and KEITH R. WILTON<br><br>            Defendants | Civil Action No. _____ |

## <u>COMPLAINT FOR DECLARATORY JUDGMENT</u>

Plaintiff, Berkley Specialty Insurance Company, f/k/a Berkley Regional Specialty Insurance Company ("Berkley"), by and through its attorneys, White and Williams LLP, files this Complaint for Declaratory Judgment against defendants Masterforce Construction Corp., John P. Brandt, O.D., Karen Brandt, We Do Metal Roofs, Robert DeHarder, and Keith R. Wilton, and, in support, alleges as follows:

## I.   **INTRODUCTION**

1.     This is an insurance coverage declaratory judgment action in which Berkley seeks a declaration that is has no duty to continue to defend or indemnify Masterforce Construction Corp. ("Masterforce"), or any other defendant hereto, for amounts owed to defendants John P. Brandt, O.D. ("J. Brandt") and Karen Brandt ("K. Brandt") (J. Brandt and K. Brandt collectively the "Brandts") via judgment in the underlying action, *John P. Brandt, O.D., et al. v. Master Force Construction Corp., et al.*, Court of Common Pleas, Clinton County, Pennsylvania, Docket No. 659-2014 (the "Underlying Action").

2.     In the Underlying Action, the Brandts alleged that the defendants to the Underlying Action – We Do Metal Roofs ("WDMH"), Robert DeHarder ("DeHarder") and Keith R. Wilton ("Wilton"), along with a fourth party that is not a defendant to this lawsuit, Fox Home Improvement Network Corp. ("Fox") (Masterforce, WDMH, DeHarder, Wilton and Fox, collectively the "Underlying Defendants") – contracted to replace the roof to the Brandts' home.

3.     As detailed more fully in the Brandts' Second Amended Complaint, the Brandts complained that the Underlying Defendants (1) improperly installed a deficient roof on their home, (2) did so without properly protecting the home from the elements (resulting in leaking), and (3) acted in concert and conspired to deceive and defraud the Brandts by intentional actions and inactions which included the

2

purposeful manipulation of the many Underlying Defendants to obscure who was the actual party to the home improvement contract, the actual party doing the work and the actual party responsible for any warranty.

4.      Berkley issued insurance policies, no. CGL 0016734-24, (the "2012 Policy") and no CGL 0016734-25 (the "2013 Policy") (the 2012 Policy and 2013 Policy collectively the "Policies") to its named insured, Masterforce.  A true and correct copy of the Policies are attached hereto as Exhibits "A" and "B", respectively.

5.      Berkley defended Masterforce in the Underlying Action, pursuant to a reservation of rights.

6.      Following trial, the court in the Underlying Action ("the Brandt Court") issued a verdict and Order in favor of the Brandts and against the Underlying Defendants (the "Verdict").   A true and accurate copy of the Verdict and accompanying memorandum opinion is attached hereto as Exhibit "C."

7.      The Verdict found that all the Underlying Defendants had violated the Pennsylvania Home Improvement Consumer Protection Act and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, breached their contract with the Brandts, breached express warranties issued to the Brandts, breached an implied warranty of fitness, and were negligent.

8.     The Verdict in the Underlying Action and the Brandt Court's Findings of Fact demonstrate that none of the damages awarded to the Brandts are on account of any covered "property damage" or any other liability covered under the Berkley Policy.

9.     In its Verdict, the Brandt Court found that Masterforce had engaged in an intentional course of conduct to deceive the Brandts, which was the basis for its decision.

10.    The Brandt Court also itemized the damages awarded to the Brandts – none of which damages are because of "property damage" caused by an "occurrence" and which is not otherwise excluded from coverage by one or more of the Berkley Policies exclusions.

11.    Following the Verdict, Masterforce filed a motion for post-trial relief.

12.    On June 10, 2019, the Brandt Court denied Masterforce's motion for post-trial relief.  A true and correct copy of the Brandt Court's order and opinion is attached as Exhibit "D".

13.    Pursuant to these orders, on June 21, 2019, the Brandts filed a praecipe for entry of judgment against all defendants in the amount of $492,023.40, including $222,648.15 in treble damages and $195,159.20 in attorney's fees and expenses.  A true and correct copy of this praecipe for entry of judgment is attached as Exhibit "E".

14.     Based on the Verdict, Masterforce has not established and cannot establish that the Verdict was awarded on account of "property damage" caused by an "occurrence", defined in the Berkley Policies as "an accident . . . ." Further, one or more of the Berkley Policies exclusions preclude any possibility of coverage.

15.     Accordingly, Berkley has denied coverage for the Verdict; but Masterforce continues to assert that Berkley must indemnify Masterforce for the Verdict and/or continue to defend the Underlying Action through appeal.

16.     For this reason and those detailed more fully below, Berkley has no duty to indemnify Masterforce or any other Defendant for the Verdict or to continue to defend the Underlying Action.

17.     Accordingly, Berkley is entitled to a declaration that it has no duty under the Policies to indemnify Masterforce or any other Defendant for the Verdict or any judgment arising out of the Underlying Action.

18.     Berkley also is entitled to a declaration that, because it has no duty to defend Masterforce in the Underlying Action, Berkley is entitled to withdraw the defense it has heretofore provided Masterforce in the Underlying Action through the law firm Kurtz & Revness, P.C. and that Berkley has no further obligation to defend or indemnify Masterforce or any other Defendant that may claim entitlement to coverage under the Berkley Policies.

19.     Because Berkley has no duty to indemnify or continue to defend Masterforce in the Underlying Action, on July 8, 2019, Berkley issued a letter to Masterforce disclaiming coverage for the underlying action.  A true and correct copy of this letter is attached as Exhibit "F".

## II.     PARTIES

20.     Berkley is a Delaware corporation with its principal place of business at 14902 North 73rd Street, Scottsdale, Arizona 85260.

21.     Masterforce is a citizen of Pennsylvania, being a corporation that is incorporated under the laws of the State of Florida with a registered business address in the Commonwealth of Pennsylvania, located at 209 Fairview Drive, Lewisburg, Pennsylvania 17837.

22.     J. Brandt is a natural person and adult individual who is a citizen of the Commonwealth of Pennsylvania who resides at 11 Morningside Drive, Lock Haven, Pennsylvania 17745.

23.     K. Brandt is a natural person and adult individual who is a citizen of the Commonwealth of Pennsylvania who resides at 11 Morningside Drive, Lock Haven, Pennsylvania 17745.

24.     WDMR is an unregistered fictitious name used by DeHarder to transact business in the Commonwealth of Pennsylvania.  WDMR is located at 23 North Derr Drive, Lewisburg, Pennsylvania 17837.

23086333v.1

25.     DeHarder is an adult individual and natural person who is a citizen of the Commonwealth of Pennsylvania, residing at 23 North Derr Drive, Suite 23, Lewisburg, Pennsylvania 17837.

26.     Wilton is an adult individual and natural person who is a citizen of the Commonwealth of Pennsylvania, residing at 1927 Blaine Street, Williamsport, Pennsylvania 17701.

## III.     JURISDICTION

27.     This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity between the Plaintiff and the Defendants and as the amount in controversy exceeds $75,000, exclusive of interest and costs, and by virtue of the Declaratory Judgments Act, 28 U.S.C. § 2201(a) because this matter presents a case of actual controversy.

28.     This matter presents a case of actual controversy because Masterforce seeks a defense and indemnity under the Policies that Berkley issued to Masterforce, in connection with the Brandts' claims against Masterforce in the Underlying Action; and Berkley disputes that it owes Masterforce a duty to defend and indemnify under the Policies in connection with the Underlying Action and Verdict entered therein.

IV.   **VENUE**

29.    Venue is proper in the Middle District of Pennsylvania, pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), because the defendants are deemed to reside in this District and a substantial part of the events or omissions giving rise to the Brandts' lawsuit occurred in the Middle District of Pennsylvania.

30.    Masterforce is deemed to reside in this District because it is an entity with the capacity to sue and be sued in its common name under applicable law, and Masterforce is subject to the Court's personal jurisdiction with respect to the civil action in question. 28 U.S.C. §1391(c)(2).

31.    A substantial part of the events or omissions giving rise to Brandts' claim occurred in the Middle District of Pennsylvania because the Underlying Action, out of which this action arises, was based in this District (Clinton County Court of Common Pleas), the damages for which Masterforce seeks insurance coverage took place in the Middle District, and the Verdict, for which Masterforce seeks indemnity under the Policies, was issued in this District.

V.    **FACTUAL BACKGROUND**

A.    **The Berkley Policies**

32.    Berkley Regional Specialty Insurance Company issued to Masterforce a commercial general liability insurance policy, no. CGL 0016734-24, (the "2012 Policy") to its named insured, Masterforce.  *See* Exhibit "B."

33.     The 2012 Policy had an effective period of May 18, 2012 to May 18, 2013.

34.     Berkley Regional Specialty Insurance Company issued to Masterfoce a commercial general liability insurance policy, no. CGL 0016734-25 (the "2013 Policy") to its named insured, Masterforce.  *See* Exhibit "C".

35.     The 2013 Policy had an effective period of May 18, 2013 to May 18, 2014 (the 2012 Policy and 2013 Policy, collectively, the "Policies").

36.     The Policies provides certain coverage subject to limits of $1 million for each occurrence, $2 million in the aggregate, and a $2 million products-completed operations aggregate.

37.     The Policies also is subject to a $1,000 deductible per claim for bodily injury and for property damage.

38.     A true and correct copy of relevant portions of the Policies are attached as Exhibits "A" and "B".

39.     In 2018, Berkley Regional Specialty Insurance Company changed its name to Berkley Specialty Insurance Company.

40.     The Policies' Insuring Agreement, contained in the Policy's "Commercial General Liability Coverage Form" (CG 00 01 12 04), states in part as follows:

SECTION I - COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

        (1)  The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

        (2)  Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

    b.  This insurance applies to "bodily injury" and "property damage" only if:

        (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2)  The "bodily injury" or "property damage" occurs during the policy period; and

        (3)  Prior to the policy period, no insured listed under Paragraph 1. Of Section II – Who Is An Insured and no "employee" authorized by you to give or receive

23086333v.1

notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

\* \* \*

SECTION V – DEFINITIONS

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

17. "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

41.    The Policies' CGL Coverage Part contains an exclusion titled "Damage to Property".  That exclusion provides, in part:

This insurance does not apply to:

11

\*   \*   \*

**j.  Damage To Property**

"Property damage" to:

\*   \*   \*

**(6)** That Particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

\*   \*   \*

Paragraph **(6)** of this exclusion does not apply to property damage" included in the "products-completed operations hazard".

42.    The Policies' CGL Part contains an exclusion titled "Damage To Your Product", which provides in part:

This insurance does not apply to:

\*   \*   \*

**k.  Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

\*   \*   \*

43.    The Policies' CGL Part contains an exclusion titled "Damage To Your Work", which provides in part:

This insurance does not apply to:

12

\*   \*   \*

**l.  Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed by a sub-contractor.

\*   \*   \*

44.    The Policies' CGL Part contains an endorsement titled "EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES" (the "Punitive Damages Endorsement"), which states:

This endorsement modifies insurance provided under the following:

COMMERCIAL         GENERAL         LIABILITY COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS  AND  CONTRACTORS  PROTECTIVE LIABILITY COVERAGE PART
PRODUCTS/COMPLETED            OPERATIONS LIABILITY COVERAGE PART
RAILROAD         PROTECTIVE         LIABILITY COVERAGE PART

The following exclusion is **added** to **2. Exclusions** of **Section I – Coverages**:

This insurance does not apply to punitive or exemplary damages.

\*   \*   \*

13

45.     The Policies' CGL Part also contains an exclusion endorsement, titled "CONDITIONAL EXCLUSION – WEATHER RELATED PROPERTY DAMAGE (ROOFING OPERATIONS)" ("Roofing Operations Exclusion"), that states in pertinent part as follows:

**A.** The following is **added** to **Section IV - Commercial General Liability Conditions**:

Coverage only applies to liability arising out of work performed by or on behalf of any insured when:

1. "Appropriate" steps are taken to determine any approaching adverse weather; and
2. "Appropriate" steps are taken to provide a temporary cover for an "open roof" which is reasonably able to withstand the influx of rain, snow, sleet, hail, ice, wind or any other weather-related condition; and
3. The temporary cover is properly secured to prevent "property damage" caused by the influx of rain, snow, sleet, hail, ice, wind or any other weather-related condition.

**B.** The following exclusion is **added** to **2. Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability**:

This insurance does not apply to "property damage" for roofing operations conducted by or on behalf of any insured if:

1. "Appropriate" steps have not been taken to determine any approaching adverse weather; and
2. "Appropriate" steps have not been taken to provide a temporary cover for an "open roof" which is reasonably able to withstand the influx of rain, snow, sleet, hail, ice, wind or any other weather-related condition; and

14

> The temporary cover was not properly secured to prevent "property damage" caused by the influx of rain, snow, sleet, hail, ice, wind or any other weather-related condition.

46.     The Roofing Operations Exclusion defines "appropriate" as "industry accepted practices used by contractors to protect or prevent 'property damage' under similar circumstances."

47.     The Roofing Operations Exclusion defines "open roof" as "any roof or section where the protective covering (shingles, tar, felt paper, etc.) has been removed leaving the underlying materials, structure, shell or structure interior exposed."

**B.     The Underlying Action**

48.     The Brandts initiated the Underlying Action via Writ of Summons on June 19, 2014.

49.     Subsequently, the Brandts filed a Complaint on January 22, 2015, an Amended Complaint on September 21, 2015, and a Second Amended Complaint on March 4, 2016.

50.     The Brandts named Masterforce as a defendant to the Underlying Action.

51.     A true and correct copy of the Second Amended Complaint is attached hereto as Exhibit "A."

23086333v.1

52.     The Second Amended Complaint in the Underlying Action alleges that the Underlying Defendants were involved in a project to provide and install a new roof on the home of Brandts.

53.     That Complaint alleges that the roof provided by the Underlying Defendants was defective.

54.     The Second Amended Complaint states causes of action for Violation of the Pennsylvania Home Improvement Consumer Protection Act and the Unfair Trade Practices and Consumer Protection Law, Breach of Contract, Breach of Express Warranty, Breach of Implied Warranty of Fitness, and Negligence.

**C.      Berkley's Defense of Masterforce in The Underlying Action**

55.     Berkley assigned a Pennsylvania-based law firm, Kurtz & Revness, PC, to defend Masterforce in the Underlying Action.

56.     Berkley's provision of a defense to Masterforce was and is subject to a reservation of rights to deny coverage, including to deny and/or withdraw the defense, based upon the relevant coverage provisions and exclusions in the Policies.

57.     A true and correct copy of the reservation of rights letter issued to Masterforce is attached hereto as Exhibit "G".

58.     Among other things as set forth more fully in Berkley's reservation of rights letter, Berkley reserves the right to disclaim coverage and/or file a declaratory

23086333v.1

judgment action seeking a determination of its rights, if any, in connection with the Underlying Action.

59.     Masterforce accepted Berkley's provision of a defense under a reservation of rights.

**C.     The Verdict in the Underlying Action**

60.     The six clauses of action stated in the Brandt's Second Amended Complaint were the subject of a bench trial on October 15 and October 16, 2018.

61.     After the bench trial, the Brandt Court issued a number of findings of fact regarding the Underlying Action relevant to this matter. A true and correct copy of the Verdict, including the accompanying Opinion, is attached as Exhibit "C."

62.     Among the findings of fact relevant to this coverage lawsuit by the Brandt Court were the following:

   a.   On June 20, 2012, the Brandts entered into a Home Improvement Contract with an agent representing Masterforce, WDMH and Fox. (Ex. D, ¶¶ 3-4)

   b.   The contract price for the metal roof was $46,250.00. (Ex. D, ¶ 5)

   c.   Both during the construction of the roof and after its completion, leaks occurred in the Brandts' property. (Ex. D, ¶¶ 16, 18)

23086333v.1

d. Following the leaks, the Brandts contacted the agent of Masterforce, DeHarder, regarding roof repair, who indicated that the Brandts needed to contact Wilton, who had installed the roof.  (Ex. D, ¶ 20).

e. The contracts entered into by the Brandts contained warranties that were the responsibility of Masterforce.  *Id.*

f. Masterforce, WDMR, Fox, DeHarder and Wilton acted in concert and conspired to deceive and defraud the Brandts by intentional actions and inactions, which included the purposeful manipulation of the defendants to obscure who was the actual party to the contract, the party doing the work, and the party responsible for any warranty.  (Ex. D, ¶ 31).

63.   The Brandt Court also made a number of additional findings in its opinion relevant to this coverage action, as follows:

a. Masterforce accepted work which it had no intention of performing itself, and which it intended to subcontract with Wilton without disclosing that information to the Brandts, in violation of 75 P.S. § 517.7(a)(10).  (Ex. D, p. 10).

b. Masterforce abandoned its duty under a contract warranty by doing nothing when the Brandts contacted Masterforce's agent, DeHarder, in violation of 73 P.S. § 517.9(5).  *Id.*

18

    c. Masterforce violated 73 P.S. § 517.10 by making improvements inferior to the standard agreed to in writing, and representing goods or services to have characteristics or benefits which the goods or services did not have. (Ex. D, p. 11).

    d. Masterforce is also liable for the Brandts' claims for Breach of Contract, Breach of Express Warranty, Breach of Implied Warranty of Fitness, and Negligence. (Ex. D, p. 12).

64. As a result of the above findings, the Brandt Court awarded actual damages totaling $74,216.05. (Ex. D, p. 14).

65. The Actual Damages were comprised of the following damages claims by the Brandts:

    a. 2012 Installation Leak Repairs (Willard Letterman) -- $481.00;

    b. Gutters (Double Payment) -- $2,000.00;

    c. Ridge Vent Replacement (Marcon) -- $2,782.00;

    d. Roof Consultant -- Assess Repair/Replacement needs and Design Replacement Roof (Sobeck Consulting) -- $5,000.00;

    e. Roof Demolition and Replacement Sheathing (H.W. Raymond) -- $19,483.05;

    f. Replacement Roof (C&D) -- $42,450.00 (representing the amount paid to Masterforce for the initial roof cost); and

g. Replacement wood blocking required due to water damage (C&D) --

$2,020.00.

Total - Seventy-four Thousand Two Hundred Sixteen and 05/100

($74,216.05) Dollars.

66.      As a result of the Brandt Court's finding that Masterforce violated the

Pennsylvania Home Improvement Consumer Protection Act and the Unfair Trade

Practices and Consumer Protection Law, the Brandt Court also determined that an

award of treble damages was justified.  (Ex. D, p. 14).

67.      In support of this determination,  the Brandt Court relied upon the

following findings:

a. Masterforce failed to disclose that it had no intention of performing the

contracted work.  *Id.*

b. Masterforce hired Wilton as a subcontractor and instructed him to not

disclose this arrangement, and also failed to disclose this subcontractor

relationship on the contract.  *Id.*

c. All of the Underlying Defendants created confusion as to who would

actually complete the work.  *Id.*

d. The Underlying Defendants sold and installed a roof on the Brandts'

property that was inappropriate due to the slope of the roof.  (Ex. D, p.

15).

23086333v.1

68. The Brandt Court noted that the test for an award of treble damages is "fraudulent, unfair or deceptive practices." (Ex. D, p. 16).

69. The Brandt Court further stated that the Underlying Defendants demonstrated "disregard of requirements of Consumer Protection Statutes and have intentionally conspired to deceive" the Brandts. *Id.*

70. With damages trebled, the Brandt Court awarded a total of $222,648.15 in total damages. (Ex. D, p. 21).

71. This damages award did not include a determination of the issues of fees and costs, which was reserved for subsequent briefing and hearing.

## COUNT ONE

## DECLARATORY JUDGMENT – BERKLEY HAS NO DUTY TO DEFEND OR INDEMNIFY MASTERFORCE IN THE UNDERLYING ACTION

72. Berkley incorporates by reference all of the foregoing allegations as though the same were set forth here.

73. Pursuant to the DECLARATORY JUDGMENTS ACT, 28 U.S.C. § 2201, Berkley is entitled to a judicial determination concerning the parties' rights and obligations, if any, under the Policies in connection with the Underlying Action.

74. Berkley has no duty under the Policies to indemnify Masterforce against the Verdict issued in the Underlying Action, and has no duty to continue to defend Masterforce in any appeal thereof.

23086333v.1

75.    The Underlying Action arises out of the contractual activities of Masterforce, Masterforce's breach of that contract, Masterforce's faulty workmanship and Masterforce's intentional scheme "to deceive and defraud" the Brandts.  (Ex. D, ¶ 31).

76.    As a result of this intentional conduct, the Brandt Court found that Masterforce violated the Pennsylvania Home Improvement Consumer Protection Act and the Unfair Trade Practices and Consumer Protection Law.  (Ex. D, pp. 9-12).

77.    The Brandt Court also found it appropriate to find against Masterforce on the Brandts' remaining causes of action based upon this course of conduct, without addressing such conduct further and without setting forth any additional factual findings in support of liability.  (Ex. D, p. 12).

78.    The Berkley Policies provides certain coverage for damages because of "property damage" caused by an "occurrence".

79.    None of the damages awarded by the Brandt Court were because of "property damage" caused by an "occurrence" as those terms are defined in the Berkley Policies.

80.    "[O]ccurrence" is defined in the Policies as an "accident".

81.     The Verdict and accompanying opinion unambiguously found that the Underlying Action and resulting damages arose out of Masterforce's intentional conduct.

82.     Further, all of the claims against Masterforce, even the negligence claims, are based upon allegedly faulty workmanship and the type of foreseeable water intrusion damages for which Pennsylvania courts deny coverage.

83.     The Brandt Court, in fact, found that the roof leaked, that the roof was improperly installed, the roof should have never been installed on this building due to the slope of the roof, and that all of the Defendants acted in concert and conspired to deceive and defraud the Brandts by intentional actions and inactions which included the purposeful manipulation of the Underlying Defendants to obscure who was the actual party to the contract, the actual party doing the work and the actual party responsible for any warranty.

84.     Further, at least certain of the amounts awarded do not involve damages because of "property damage."

85.     "Property damage" is defined in the Policies as "physical injury to tangible property" as well as "loss of use of tangible property that is not physically injured."

86.     At least some items of the Brandt Court's award are not because of physical injury to tangible property and/or loss of use of property.

23

87.    For the above reasons, Berkley has no potential or possible liability under the Policies based upon the Brandt Court's Verdict and opinion.

88.    Because there is no potential or possible liability under the Policies, Berkley has no duty to continue to defend Masterforce in the Underlying Action.

89.    Because there is no potential or possible liability under the Policyies, Berkley also has no duty to indemnify Masterforce for any judgment that may ultimately be entered against Masterforce in the Underlying Action as a result of the Verdict.

90.    Alternatively, even if the court's Verdict did award damages because of "property damage" caused by  an "occurrence", coverage for the Verdict is still excluded by one or more of the Policies' exclusions and limitations set forth above, including the following:

- SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, j. Damage to Property;

- SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, k. Damage to Your Product;

- SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, l. Damage to Your Work;

- "Exclusion – Punitive or Exemplary Damages" (BR217G);

- "Conditional Exclusion – Weather-Related Property Damage (Roofing Operations).

91.    Accordingly, Berkley is entitled to a declaration that it has no duty under the Policies to defend or indemnify Masterforce in the Underlying Action.

92.    Berkley is also entitled to a declaration that, because it has no duty to defend Masterforce in the Underlying Action, Berkley is entitled to withdraw the defense it has heretofore provided Masterforce in the Underlying Action through the Pennsylvania-based law firm of Kurtz & Revness, PC.

**WHEREFORE**, Berkley respectfully requests that this Court enter an Order:

(a)    Declaring that, under the Policies, Berkley has no duty to defend or indemnify Masterforce in the Underlying Action or any appeal thereof;

(b)    Declaring that, because Berkley has no duty to defend or indemnify Masterforce in the Underlying Action or any appeal thereof, Berkley is entitled to withdraw its defense being provided to Masterforce in the Underlying action; and

25

(c)     Declaring and granting such other and further relief as may be

necessary and appropriate under the circumstances, including all

other relief available at law or in equity to which Berkley may be

entitled and which this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff Berkley Specialty Insurance Company f/k/a Berkley Regional

Specialty Insurance Company hereby demands a trial by jury of issues so triable.

**WHITE AND WILLIAMS LLP**

BY: _____

Anthony L. Miscioscia (PA # 69215)
Konrad R. Krebs (PA # 319253)
One Liberty Place | 1650 Market St.
Suite 1800
Philadelphia, PA 19103-7395
(215) 864-6356/7018
*Attorneys for Plaintiff*
*Berkley Specialty Insurance Company*
*f/k/a Berkley Regional Specialty*
*Insurance Company*

Dated: July 8, 2019

23086333v.1