EXHIBIT "C"

IN THE COURT OF COMMON PLEAS OF CLINTON COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | | |
|---|---|---|
| JOHN P. BRANDT, O.D. and KAREN BRANDT, | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MASTER FORCE CONSTRUCTION CORP. (d/b/a We Do Metal Roofs.com), WE DO METAL ROOFS (d/b/a We Do Metal Roofs.com), FOX HOME IMPROVEMENT NETWORK CORP., ROBERT DEHARDER and KEITH R. WILTON, | ) ) ) ) ) ) | No. 659-2014 |
| Defendants | ) | |

**OPINION AND ORDER**

**OPINION**

I.   **PROCEDURAL HISTORY**

Plaintiffs filed a Writ of Summons on June 19, 2014 to commence this action and filed a Complaint on January 22, 2015.  Plaintiffs filed an Amended Complaint on September 21, 2015 and thereafter filed a Second Amended Complaint on March 4, 2016. Defendant Master Force Construction Corp. (d/b/a We Do Metal Roofs.com), hereinafter referred to as Master Force and Defendant Keith R. Wilton, hereinafter referred to as Wilton, filed Answers with New Matter.  This Court entered Judgment by Order of June 9, 2017 in favor of Plaintiffs against Defendant Robert DeHarder, Defendant We Do Metal Roofs (d/b/a We Do Metal Roofs.com) and Defendant Fox Home Improvement Network Corp.  In the same Order of June 9, 2017, this Court entered Judgment in

CRAIG P. MILLER
PRESIDENT JUDGE
————
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

favor of Defendant Wilton and against Defendant DeHarder, Defendant We Do Metal Roofs and Defendant Fox Home Improvement and further found that Defendant DeHarder, Defendant We Do Metal Roofs and Defendant Fox Home Improvement were liable to Defendant Wilton for indemnification.  Both Plaintiffs and Defendant Wilton also filed a Motion for an award of attorney's fees, costs, and other fees against Defendant We Do Metal Roofs, Defendant Fox Home Improvement Network Corp., and Defendant DeHarder.  This Court by Order of June 26, 2017 awarded Plaintiffs attorney's fees, costs, and other fees in the amount of Twenty-four Thousand Forty-six and 16/100 ($24,046.16) Dollars and noted that Defendant Wilton had withdrawn Defendant Wilton's request for attorney's fees and costs.

Plaintiffs filed a Motion for Partial Summary Judgment against Defendant Master Force on July 31, 2017.  Defendant Master Force filed a Motion for Partial Summary Judgment against Plaintiffs on July 31, 2017 and Defendant Wilton also filed a Motion for Summary Judgment against Plaintiffs on July 31, 2017.  By Order of September 13, 2017 and as amended by Order of September 15, 2017, this Court denied Defendant Master Force's Motion for Summary Judgment, except concerning Plaintiffs' Breach of Implied Warranty of Merchantability Claim which this Court granted.  This Court further denied Defendant Wilton's Motion for Summary Judgment and Plaintiffs' Motion for Summary Judgment.

The matter was heard pursuant to a Stipulation of the parties entered on February 21, 2018 as a Non-Jury Trial.

CRAIG P. MILLER
PRESIDENT JUDGE
———
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

2

The claims before this Court contained in Plaintiffs' Second Amended Complaint at said Non-Jury Trial were as follows:

1. Count 1 – A violation of the Pennsylvania Home Improvement Consumer Protection Act and a violation of the Unfair Trade Practices and Consumer Protection Law.

2. Count 2 – Breach of Contract.

3. Count 3 – Breach of Expressed Warranty.

4. Count 5 – Breach of Implied Warranty of Fitness.

5. Count 6 – Negligence.

As noted above, this Court granted the Motion for Summary Judgment concerning the Breach of Implied Warranty of Merchantability claim alleged in Count 4 of Plaintiffs' Second Amended Complaint.

The Trial occurred on October 15, 2018 and October 16, 2018. Testifying at Trial were the following: Plaintiffs' Expert Mark J. Sobeck, Jeff Raymond, Plaintiff John P. Brandt, O.D., Corrine Lucille Klose, Scott W. Holdren, Plaintiff Karen Brandt, Defendant Master Force's Expert Walter Green, and Defendant Wilton's Expert Michael H. Queen. Numerous exhibits were admitted into evidence. This Court took the matter under advisement and directed the parties to submit Memorandums to this Court. This Court has now received said Memorandums.

CRAIG P. MILLER
PRESIDENT JUDGE
———
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

## II.    FINDINGS OF FACT

1.    Plaintiffs are John P. Brandt, O.D. and Karen Brandt, who reside at 11 Morningside Drive, Lock Haven, Pennsylvania.

2.    Plaintiffs purchased said real estate in 1987, had a new roof placed on the residence in approximately 1990, and had resided at the property continuously through the date of Trial.

3.    On June 20, 2012, Plaintiffs entered into a Home Improvement Contract executed by Plaintiffs and Michael Bloom.

4.    Michael Bloom was an agent representing Defendant Master Force and Defendant We Do Metal Roofs, along with Defendant Fox Home Improvement.

5.    The contract price for the metal roof, which was a metal shingled roof, was agreed to be Forty-six Thousand Two Hundred Fifty and 00/100 ($46,250.00) Dollars. The contract included the installation of seamless gutters with gutter covers. However, Defendant Deharder required Plaintiffs to pay an additional Two Thousand and 00/100 ($2,000.00) Dollars for the installation of these seamless gutters with gutter covers.

6.    Interestingly, during the same time period, Michael Bloom acting as an agent entered into a contract with Plaintiffs for renovations to the pool area of Plaintiffs' residence. Plaintiffs are entirely satisfied with this work which was part of the "SpadeCrete" Contract.

7.    The contract regarding the roof was modified as the metal shingled roof was determined not to be appropriate for Plaintiffs' residence. The roof that was now to be placed on Plaintiffs' residence was a standing seam 24 gauge metal colored brown roof.

CRAIG P. MILLER
PRESIDENT JUDGE
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

4

This resulted in a Two Thousand Eight Hundred and 00/100 ($2,800.00) Dollar reduction in price.  Therefore, the price of the roof contract was Forty-two Thousand Four Hundred Fifty and 00/100 ($42,450.00) Dollars.

8.  Defendant Master Force is a corporation organized under the laws of the State of Florida which had a registered business address in the Commonwealth of Pennsylvania in Lewisburg, Pennsylvania.

9.  Corrine Klose was the President and Secretary and sole shareholder of Defendant Master Force.  Defendant Master Force currently conducts no business in the Commonwealth of Pennsylvania.

10. Corrine Klose delegated the operational control of Defendant Master Force to Defendant DeHarder during all times relevant to this action.

11. Defendant We Do Metal Roofs is an unregistered fictitious name through which Defendant DeHarder transacted business in the Commonwealth of Pennsylvania.

12. Defendant Fox Home Improvement Network Corp. is a corporation operating under the laws of the State of Delaware which had a registered business address in Lewisburg, Pennsylvania.

13. Corrine Klose acted as President of Defendant Fox Home Improvement. However, once again, Defendant DeHarder was given control of this corporation at all times relevant to this matter.

14. Defendant Robert DeHarder is an adult individual and citizen of the Commonwealth of Pennsylvania, and acted as agent for Defendant We Do Metal Roofs, Defendant Fox Improvement Network Corp and Defendant Master Force.

CRAIG P. MILLER
PRESIDENT JUDGE
———
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

15. Defendant Wilton is an adult individual, who was the subcontractor who installed the metal roof furnished by Defendant Master Force at Plaintiffs' property. Defendant Wilton was instructed by other Defendants through Defendant Deharder to conceal Defendant Wilton's identity as a subcontractor and to allow Plaintiffs to believe Defendant Wilton was employed with Defendant Master Force.

16. During construction, Defendant Wilton did not cover the roof and due to rain, a substantial leak occurred into the kitchen of Plaintiffs' residence on September 18, 2012.

17. Plaintiffs contracted with Willard Letterman to complete the repairs due to the 2012 leak and paid Willard Letterman Four Hundred Eighty-one and 00/100 ($481.00) Dollars.

18. Subsequent leaks occurred to Plaintiffs' property due to the condition of the roof after completion of the new metal roof by Defendant Wilton.  The dates of those leaks were January 11, 2013, January 29, 2013, January 30, 2014, and January 21, 2018.

19. Other than the monies paid to Letterman, no monies were spent on repairs by Plaintiffs due to said leaks, except as hereafter noted.

20. After the leaks in January 2013, Plaintiffs contacted Defendant DeHarder, who indicated that Defendant DeHarder had nothing to do with repairing the roof and Plaintiffs needed to contact Defendant Wilton.  This Court notes that the contract entered by Plaintiffs contains warranties that were the responsibility of Defendant Master Force.  Defendant Master Force did nothing to respond to Plaintiffs' request concerning the leaks from the roof.

CRAIG P. MILLER
PRESIDENT JUDGE
————
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

21. After several attempts Plaintiffs were able to make contact with Defendant Wilton and a time and date was arranged for Defendant Wilton to appear at Plaintiffs' property to discuss the leak and other issues.

22. Defendant Wilton did not meet with Plaintiffs, but instead appeared at an earlier time and claimed to have caulked a leak on an area on the roof which Defendant Wilton indicated would resolve this leak. This information was conveyed to Plaintiffs by Defendant Wilton leaving a voicemail for Plaintiffs.

23. Defendant Wilton appeared to Plaintiffs to be upset at the accusations of Plaintiffs and during the only conversation that Plaintiffs had with Defendant Wilton indicated that Defendant Wilton had been in the roofing business for many years and never had a roof leak. This conversation occurred as indicated above prior to the repair of the roof by Defendant Wilton. Plaintiffs viewed Defendant Wilton's demeanor during this conversation as unfriendly and hostile. Plaintiffs never contacted Defendant Wilton again.

24. Plaintiffs were stunned by Defendant Wilton's attitude and failure to meet Plaintiffs as described above. Defendant Wilton failed to appear at Trial, although being properly served a notice mandating Defendant Wilton's appearance. Defendant Wilton's deposition was entered into evidence.

25. After the January 30, 2014 leak, Plaintiffs decided to no longer to deal with Defendant Master Force and/or Defendant Wilton as a result of the failure to repair the roof and the attitude and conduct towards Plaintiffs by Defendant Wilton and Defendant DeHarder concerning the initial leaks in January, 2013.

CRAIG P. MILLER
PRESIDENT JUDGE
———
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

26. Plaintiffs contacted Marcon Roofing, who replaced the ridge vent in April of 2014 on the roof.  The ridge vent had been not properly installed by Defendant Wilton and contributed to the leaks.  Plaintiffs paid Marcon Roofing Two Thousand Seven Hundred Eighty-two and 00/100 ($2,782.00) Dollars for said work.

27. As indicated above, Plaintiffs began this action shortly after replacing the ridge vent on June 19, 2014 by filing a Writ of Summons.  After the leak of January 21, 2018, Plaintiffs contracted with C & D Waterproofing to have the entire roof replaced for the contract amount of Sixty-seven Thousand Twenty and 00/100 ($67,020.00) Dollars.

28. Plaintiffs' Expert Mark J. Sobeck was a consultant on said roof replacement. Sobeck had assessed the repair and replacement of the roof and designed the replacement roof for a cost of Five Thousand and 00/100 ($5,000.00) Dollars.

29. Expert Sobeck opined, which this Court accepts as credible, that the roof was improperly installed and should have never been installed on this building due to the slope of the roof.  This Court accepts as credible the findings and opinions of Expert Sobeck and rejects the findings and opinions of Defendant Master Force's Expert Green and Defendant Wilton's Expert Queen.

30. When the metal roof installed by Defendant Wilton was removed, Defendant Wilton and Defendant Master Force had the ability to be present and observe the removal of the metal roof installed by Defendant Wilton.

31. Defendants Master Force, We Do Metal Roofs, Fox Home Improvement, Deharder and Wilton acted in concert and conspired to deceive and defraud Plaintiffs by

CRAIG P. MILLER
PRESIDENT JUDGE
——
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

8

intentional actions and inactions which included the purposeful manipulation of the

many Defendants to obscure who was the actual party to the contract, the actual

party doing the work and the actual party responsible for any warranty.

32. This Court finds that clear and convincing evidence establishes the above

findings of fact.

### III.     HOME IMPROVEMENT CONSUMER PROTECTION ACT (HICPA) CLAIM

As noted above, one of the claims before this Court is the HICPA claim. A

contractor under this Act is defined as any person who owns and operates a home

improvement business or who undertakes, offers to undertake or agrees to perform any

home improvement. See 73 P.S. § 5172.2. Clearly, Defendant Master Force, Defendant

We Do Metal Roofs and Defendant Fox Home Improvement are considered contractors

as defined by HICPA. Further, Defendant Wilton who undertook to complete the project

must also be considered a contractor. The property on which the home improvement was

to be accomplished was a private residence as defined by the Act Id. It is clear that

Defendant We Do Metal Roofs and Defendant Fox Home Improvement, along with

Defendant Deharder failed to register as required under HICPA. The failure to register is

a violation of HICPA. See 73 P.S. § 517.9(1). Only Defendant Master Force and

Defendant Wilton were registered as contractors under HICPA.

Defendant Wilton purposely concealed that Defendant Wilton was a

subcontractor for the Plaintiffs' roof construction and testified that Defendant Wilton was

instructed by Defendant Deharder that it was not good for business to disclose to clients

CRAIG P. MILLER
PRESIDENT JUDGE
———
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

that Defendant Wilton was a subcontractor.  Defendant Wilton was instructed not to tell customers that Defendant Wilton was a subcontractor.  Pursuant to 73 P.S. § 517.8(ii), it is a violation of HICPA for a contractor to accept work when that contractor is not going to perform the home improvement.  In this matter, Defendant Master Force accepted work which Defendant Master Force had no intention of performing and intended to subcontract with Defendant Wilton, but did not disclose that Defendant Wilton was a subcontractor which is required to be included as part on the written contract.  See 75 P.S. § 517.7(a)(10).  Section 517.7(a)(10) requires the names, addresses and telephone numbers of all subcontractors be included on the signed written contract.

The contract entered into by Plaintiffs also included the placement of seamless gutters with gutter covers as part of the contract price.  Plaintiffs paid an additional amount of Two Thousand and 00/100 ($2,000.00) Dollars for the installation of the gutters and covers pursuant to a request by Defendant Deharder.  Clearly, this violates HICPA as it charges additional monies for a home improvement that was originally included in the contract.  See 73 P.S. § 517.9(8)(iii).

Further, Defendant Master Force abandoned Defendant Master Force's duty under the contract warranty by simply doing nothing for Plaintiffs when Plaintiffs contacted Defendant Deharder.  Defendant Deharder instructed Plaintiffs to contact Defendant Wilton, the undisclosed subcontractor of Defendant Master Force.  This abandonment is a violation of HICPA.  See 73 P.S. § 517.9(5).

This Court concludes that all Defendants as indicated above have violated HICPA.

CRAIG P. MILLER
PRESIDENT JUDGE
———
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

10

IV.     **UNFAIR TRADE PRACTICES AND**
         **CONSUMER PROTECTION LAW (UTPCPL)**

Under the Home Improvement Consumer Protection Act (HICPA), a violation of said Act is considered a violation of the Unfair Trade Practices and Consumer Protection Law (UTPCPL).  See 73 P.S. § 517.10.  Therefore, this Court finds a violation of the Unfair Trade Practices and Consumer Protection Law.

This Court has indicated above that this Court has accepted the opinions of Plaintiffs' Expert Sobeck and found these opinions as credible and rejected the opinions and findings of Defendant Master Force's Expert Green and Defendant Wilton's Expert Queen.  Expert Sobeck's findings and opinions clearly indicate that the roof utilized at Plaintiffs' residence was inappropriate, violated manufacturer's recommendations, violated the requirements of the Building Code in effect, and resulted in damages to Plaintiffs.  Therefore, Defendant Master Force's sale and construction of this roof violated UTPCPA by making improvements inferior to the standard agreed to in writing, and representing goods or services that had characteristics or benefits which the goods or services did not have.  See 73 P.S. § 201-2(4).

Based upon prior discussion above, this Court concludes that Defendant Master Force failed to comply with the warranty and engaged in deceptive conduct that caused confusion or misunderstanding.  Id.

Defendant Wilton admitted that Defendant Wilton did not care and did not even consider the manufacturer recommendation concerning Plaintiffs' roof, Defendant Wilton performed inferior work as evidenced by the findings of Expert Sobeck.

CRAIG P. MILLER
PRESIDENT JUDGE
———
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

Defendant Wilton also participated in the charade regarding the true position of Defendant Wilton in this arrangement as a subcontractor.  Therefore, this Court concludes Defendant Wilton violated UTPCPA.  See 73 P.S. § 202-2(4).

IV.   **PLAINTIFFS' OTHER CLAIMS**

Plaintiffs also raises additional causes of action in the Complaint; i.e., Count 2 – Breach of Contract, Count 3 – Breach of Expressed Warranty, Count 5 – Breach of Implied Warranty of Fitness and Count 6 – Negligence.  Due to this, this Court finds in favor of Plaintiffs in Count 1, as this Court has found a violation of the Pennsylvania Home Improvement Consumer Protection Act (HICPA) and a violation of the Unfair Trade Practices and Consumer Protection Law (UTPCPL), this Court declines to address the other claims extensively.  Clearly, based on the above findings, this Court concludes that a verdict should be entered in favor of Plaintiffs on these other causes of action.

V.   **REMEDIES:**

(a) **Actual Damages**

The UTPCPL (73 P.S. § 201-9.2) provides for the awarding of actual damages or One Hundred and 00/100 ($100.00) Dollars whichever is greater, along with also providing for treble damages and the award of attorney's fees and costs.

As indicated previously, Plaintiffs request the following damages:

A.  2012 Installation Leak Repairs (Willard Letterman) Four

Hundred Eighty-one and 00/100 ($481.00) Dollars;

CRAIG P. MILLER
PRESIDENT JUDGE
————
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

12

B.  Gutters (Double Payment) – Two Thousand and 00/100
($2,000.00) Dollars;

C.  Ridge Vent Replacement (Marcon) – Two Thousand
Seven Hundred Eighty-two and 00/100 ($2,782.00)
Dollars;

D.  Roof Consultant – Assess Repair/Replacement needs
and Design Replacement Roof (Sobeck Consulting) –
Five Thousand and 00/100 ($5,000.00) Dollars;

E.  Roof Demolition and Replacement Sheathing
(H.W. Raymond) – Nineteen Thousand Four Hundred
Eighty-three and 05/100 ($19,483.05) Dollars;

F.  Replacement Roof (C&D) – Forty-two Thousand Four
Hundred Fifty and 00/100 ($42,450.00) Dollars
(Plaintiffs acknowledge that although the cost of the
new roof was Sixty-five Thousand and 00/100
($65,000.00) Dollars that the new replacement roof
was a different style than the roof which is the subject
of this litigation.  Therefore, Plaintiffs are limited in
claiming the amount that was paid to Defendant
Master Force Construction for the initial roof cost; and

CRAIG P. MILLER
PRESIDENT JUDGE
———
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

13

G. Replacement wood blocking required due to water

damage (C&D) – Two Thousand Twenty and 00/100

($2,020.00) Dollars.

Total – Seventy-four Thousand Two Hundred Sixteen

and 05/100 ($74,216.05) Dollars.

## (b) Treble Damages

This Court must then address the issues concerning treble damages which is

authorized under both the HICPA and the UTPCPL.  This Court would note the

following that clearly establishes that the treble damages are justified in this matter:

A. Defendant Master Force's failure to disclose that it

had no intention of doing the work;

B. Defendant Master Force hiring Defendant Wilton as

a subcontractor and then informing Defendant Wilton

not to disclose Wilton's arrangement with Defendant

Master Force.  Further, not listing Defendant Wilton

as a subcontractor on the contract;

C. The total confusion created by all Defendants in this

matter as to who was actually the contractor that would

complete the work.  Plaintiffs had no idea whether

Defendant Master Force, Defendant We Do Metal

Roofs, Defendant Fox Home Improvement Network, Defendant

CRAIG P. MILLER
PRESIDENT JUDGE
———
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

14

Deharder or Defendant Wilton was the contractor

actually doing the improvements on the roof.

Plaintiffs had no knowledge that Defendant Wilton

was actually a subcontractor;

D.  Defendants sold and installed a roof on Plaintiffs' property

that was inappropriate due to the slope of the roof;

E.  Defendant Wilton knowingly installed a roof system that was

inappropriate for Plaintiffs' residence as it violated the Building

Code and the Manufacturer's recommendations; and

F.  Defendants We Do Metal Roofs, Fox Home Improvement Network

Corp. and Robert Deharder's non-participation in these proceedings

and evasion of service, along with the failure to respond to discovery

requests.

This Court notes that an award of treble damages under UTPCPL is not mandated

in every successful private action.  In Re:  Partners Group Financial, LLC, 394 B.R. 68

(ED. Pa. 2008).  The Supreme Court has indicated that trial courts in exercising the trial

court's discretion to award treble damages under the UTPCPL should focus on the

presence of intentional or reckless, wrongful conduct as to which an award of treble

damages would be consistent with, and in furtherance of, the remedial purposes of

the UTPCPL.  Schwartz v. Rockey, 593 Pa. 536, 932 A.2d 885 (2007).  Further, the trial

court's discretion to award treble damages should not be closely constrained by the

common law requirements associated with the award of punitive damages.  Id.

CRAIG P. MILLER
PRESIDENT JUDGE

COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

15

The Superior Court has held that when calculating damages under the UTPCPL that one of the functions of said statute is deterrence and that if the trial court would not order penalties above what is actually owed a plaintiff, that the deterrence value of the statute would be weakened and one of the statutory goals would not be met.  See <u>Boehm v. River Source Life Insurance Company</u>, 117 A.3d 308 (Pa. Super. 2015).  The Supreme Court has also indicated that the awarding of treble damages also deters wrongful trade practices.  Such deterrence has a benefit to the community and the public at large.  See <u>Schwartz v. Rockey</u>, supra.

Therefore, the test is not only determining egregious or reckless conduct, but whether these Defendants engaged in fraudulent, unfair or deceptive practices.  As noted above, this Court has also found that there is a violation of the HICPA Statute and therefore, a violation of the UTPCPL has occurred.

Defendants in this case have demonstrated a disregard of requirements of Consumer Protection Statutes and have intentionally conspired to deceive Plaintiffs. Defendant Master Force and Defendant Wilton's allegation that Defendant Master Force and Defendant Wilton did not act with Defendant Deharder, Defendant We Do Metal Roofs and Defendant Fox Home Improvement is rejected by this Court as the facts indicate that all Defendants acted in concert.  Defendant Master Force, Defendant We Do Metal Roofs and Defendant Fox Home Improvement were certainly involved at the initial contact with Plaintiffs to the extent that Plaintiffs really did not know with who Plaintiffs had contracted.  Defendant Deharder was involved in operating Defendant Master Force, Defendant We Do Metal Roofs and Defendant Fox Home Improvement

CRAIG P. MILLER
PRESIDENT JUDGE
—
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

16

and was an agent of all three (3).  Defendant Wilton purposely did not disclose Defendant Wilton's part in these matters to Plaintiffs.  Defendant Wilton actively participated in a scheme that indicated to Plaintiffs that Defendant Wilton was an employee and not a subcontractor of Defendant Master Force, Defendant We Do Metal Roofs and/or Defendant Fox Home Improvement.  Defendant Wilton as indicated above acknowledged that Defendant Wilton was told not to disclose that Defendant Wilton was a subcontractor, when Defendant Wilton was a subcontractor.  This alone is a violation of the HICPA.  These activities caused confusion as to who Plaintiffs were to contact if any problem occurred which obviously happened and caused the predictable difficulty sought by Defendants to hamper Plaintiffs' attempt to hold some entity accountable for Defendants' failure to perform what was promised and contracted to Plaintiffs.  With all the deceit, trickery, chicanery and underhandedness that Defendants utilized in this home improvement project treble damages are warranted and will be awarded by this Court.

## VI.   ATTORNEY'S FEES AND COSTS

The parties have agreed that attorney's fees and costs would be awarded after a verdict in this matter and after a hearing.  Therefore, this Court will direct Plaintiffs to submit a statement of attorney's fees and costs to all Defendants within fifteen (15) days from the date of this Order and that a hearing will be held on that subject as indicated in this Court's Order.  This Court will also require Memorandums of Law regarding the attorney's fees issue five (5) days prior to said hearing.

CRAIG P. MILLER
PRESIDENT JUDGE
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

17

## VII.    CROSS-CLAIMS OF DEFENDANTS

Defendant Master Force filed a Cross-Claim against Defendant We Do Metal Roofs, Defendant Fox Improvement, Defendant Deharder and Defendant Wilton on March 24, 2016.  Defendants We Do Metal Roofs, Fox Improvement and Deharder filed Cross-Claims against Defendant Master Force and Defendant Wilton on March 24, 2016.

Defendants We Do Metal Roofs, Fox Home Improvement and Deharder filed a Reply to Defendant Master Force's Cross-Claim on April 4, 2016.

Defendant Master Force filed a Reply to Cross-Claim of Defendants We Do Metal Roofs, Fox Home Improvement and Deharder on April 1, 2016.

Defendant Wilton filed a Reply to Cross-Claim of Defendants We Do Metal Roofs, Fox Home Improvement and Deharder on April 1, 2016.

Defendant Wilton filed a Reply to Cross-Claim of Defendant Master Force on April 1, 2016.

Defendant Wilton filed a Cross-Claim against all other Defendants on April 18, 2016.

Defendant Master Force's Cross-Claim alleges that if Plaintiffs are successful in this litigation that other Defendants are solely liable and/or should indemnify Defendant Master Force.

Defendants We Do Metal Roofs, Fox Improvement and Deharder's Cross-Claim is similar to Defendant Master Force's Cross-Claim as is Defendant Wilton's Cross-Claim.

CRAIG P. MILLER
PRESIDENT JUDGE
——
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

18

Default Judgment has previously been entered against Defendants We Do Metal Roofs, Fox Home Improvement, and Deharder on Defendant Wilton's Cross-Claim. However, the testimony offered at the trial before this Court as indicated above clearly establishes that liability should be imposed upon all Defendants and all Cross-Claims should fail as the Cross-Claims attempt to hold each Defendant not liable and impose liability upon the other Defendants if Plaintiffs were to be successful in the litigation. Once again, this Court reiterates this Court's previous ruling that all Defendants acted in concert, and therefore, all Defendants are liable.

This Court will issue an appropriate Order.

CRAIG P. MILLER
PRESIDENT JUDGE
————
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

19

IN THE COURT OF COMMON PLEAS OF CLINTON COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | |
|---|---|
| JOHN P. BRANDT, O.D. and KAREN BRANDT,<br>　　　　　　　　Plaintiff<br><br>　　　　　vs.<br><br>MASTER FORCE CONSTRUCTION CORP. (d/b/a We Do Metal Roofs.com), WE DO METAL ROOFS (d/b/a We Do Metal Roofs.com), FOX HOME IMPROVEMENT NETWORK CORP., ROBERT DEHARDER and KEITH R. WILTON,<br>　　　　　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)　No.  659-2014<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

AND NOW, this 15th day of February, 2019, this Court issues the following verdict and Order:

　　　1.　Count 1 – A violation of the Pennsylvania Home Improvement Consumer Protection Act and a violation of the Unfair Trade Practices and Consumer Protection Law.  Verdict is entered in favor of Plaintiffs and against all Defendants.

　　　2.　Count 2 – Breach of Contract.  Verdict is entered in favor of Plaintiffs and against all Defendants.

　　　3.　Count 3 – Breach of Expressed Warrants.  Verdict is entered in favor of Plaintiffs and against all Defendants.

　　　4.　Count 5 – Breach of Implied Warranty of Fitness.  Verdict is entered in favor of Plaintiffs and against all Defendants.

CRAIG P. MILLER
PRESIDENT JUDGE
————
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

20

5.   Count 6 – Negligence.  Verdict is entered in favor of Plaintiffs and against all Defendants.

6.   Defendant Master Force's Cross-Claim against We Do Metal Roofs, Defendant We Do Metal Roofs, Defendant Fox Improvement and Defendant Wilton filed March 24, 2016 – DENIED.

7.   Defendants We Do Metal Roofs, Fox Home Improvement and Deharder's Cross-Claims against Defendant Master Force and Defendant Wilton filed on March 24, 2016 – DENIED.

8.   Defendant Wilton's Cross-Claim against Defendant Master Force filed on April 18, 2016 – DENIED.

9.   This Court notes that Defendant Wilton's Cross-Claim against Defendants We Do Metal Roofs, Fox Home Improvement and Deharder was granted by Order of June 9, 2017.

10. Actual Damages found by this Court – Seventy-four Thousand Two Hundred Sixteen and 05/100 ($74,216.05) Dollars.  Therefore treble damages equal – Two Hundred Twenty-two Thousand Six Hundred Forty-eight and 15/100 ($222,648.15) Dollars.  Damages awarded – Two Hundred Twenty-two Thousand Six Hundred Forty-eight and 15/100 ($222,648.15) Dollars.

11. Costs to follow verdict in favor of Plaintiffs.

CRAIG P. MILLER
PRESIDENT JUDGE
—
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

12. As agreed to by the parties, Plaintiffs' request for attorney's fees and costs will be considered by this Court at a hearing scheduled for the 7th day of May, 2019 at 1:30 P.M., Courtroom No. 1, Clinton County Courthouse, Lock Haven, Pennsylvania.

13. Plaintiffs must submit attorney's fees and cost's statement to all Defendants or Defendant's counsel within fifteen (15) days of this Order.

14. Memorandums of Law regarding Plaintiffs' request for attorney's fees and costs shall be submitted by all parties to this Court five (5) days prior to the above scheduled hearing.

BY THE COURT:

_____ P.J.

cc: Robert F. Englert, Esquire
  Michael J. Revness, Esquire
  Joseph R. Musto, Esquire
  Robert DeHarder, Defendant
  We Do Metal Roofs, Defendant
  Fox Home Improvement Network Corp., Defendant
  President Judge Craig P. Miller
  Judge Michael F. Salisbury
  Senior Judge J. Michael Williamson
  Lisa Tasselli
  Court Administrator

CRAIG P. MILLER
PRESIDENT JUDGE
———
COURT OF COMMON PLEAS
25TH JUDICIAL DISTRICT
OF PENNSYLVANIA
COURTHOUSE
LOCK HAVEN, PA 17745

22